# Hilton & Bentley *v.* Taylor as Admr.

*Breach of Contract of Sale.*

(Decided Feb. 8, 1906.　40 So. Rep. 273.)

1. *Logs and Logging; Sale of Timber; Contract.*—A contract for sale of timber from which to cut ties, by the terms of which the seller receives $800.00, with an agreement to refund to the purchaser of the timber the difference between $800,00, the amount paid, and the timber cut into ties at five cents per tie, is enforcable against the administrator of the seller, the account having been filed with him in time.

2. *Same; Same; Preventing Cutting.*—It is immaterial to the enforcement of such a contract, whether the seller prevented the cutting of sufficient ties at 5 cents per tie to make up the amount paid him, or whether there was not enough timber out of which to cut such a number of ties.

Appeal from Houston Circuit Court.

Heard before Hon. Terry Richardson, Special Judge.

Action by Hilton & Bentley against J. W. Taylor, administrator of W. T. Taylor, deceased.

Hilton & Bentley had a contract with W. T. Taylor whereby Taylor sold them the timber on certain lands out of which to cut cross-ties, for which they paid Taylor at the time of the execution of the contract the sum of $800. By the terms of the contract, if they failed to cut from the timber a sufficient number of ties at 5 cents per tie to amount to $800, Taylor agreed to return to them the difference between $800 and the number of ties cut at 5 cents a tie. The present action is brought to enforce this contract; the plaintiff alleging that they did not cut a sufficient number of ties at 5 cents per tie to amount to $800.

Charge 3, refused to the plaintiff, reads: "The court charges the jury that, if they believe from all the evidence that W. T. Taylor stopped plaintiffs from cutting ties on his land on or about January 1, 1901, then the plain-

tiffs are entitled to a judgment for the difference between $800 and the value of the number of ties cut by them at 5 cents per tie, should you find that the plaintiff did not cut a sufficient number of ties at 5 cents per tie to amount to $800."

A. E. PACE, for appellant.—Counsel discuss assignments of error, but cites no authorities.

ESPY & FARMER, for appellee.—Charge 3 is abstract and does not assert a correct proposition of law.—*B'ham Ry. Co. v. Stable Co.*, 119 Ala. 615. Under the pleadings, if plaintiff was entitled to recover at all, could only recover nominal damages.—*Bagby v. Harris*, 9 Ala. 173; *Marcum v. Burgess*, 67 Ala. 556; *Adams v. Robinson*, 65 Ala. 586. That said third charge fails to assert a correct proposition of law, see authorities next above.

DOWDELL, J.—The complaint contained four counts; the first declaring on a special contract, and the remaining counts being the common counts. The general issue was pleaded. The contract sued was not set out in the complaint, nor in substance, nor was there any formal allegation of its breach. The sum sued for was in the complaint claimed under a contract made by defendant's intestate with plaintiffs. By the express terms of the contract, in a certain named contingency, the amount that would be due the plaintiffs was fixed. The contract was in evidence, and there was evidence tending to show that the plaintiffs did not cut a sufficient number of cross-ties from the deceased's land at the stipulated price of 5 cents a tie to amount to the $800 paid defendant's intestate by the plaintiffs; and in such case, by the express terms of the contract, the defendant's intestate was to refund to the plaintiffs an amount equal to such deficiency. It is of no importance whether the shortage in the cross-ties cut from the land was on account of a lack of tie timber on the land in question, or because the plaintiffs were prevented from cutting by the defendant's intestate. There was evidence tending to

show that plaintiffs were by the defendant's intestate stopped from cutting on the land before the expiration of the time fixed in the contract.

The court erred in refusing to give charge 3, requested by the plaintiff. There was no error in the refusal of other charges. For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, ANDERSON, and DENSON, JJ., concur.